IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH JOHNSON, # K-74914, )
)
            Plaintiff, )
)
vs. ) Case No. 17-cv-460-NJR
)
LILLIAN OVERALL, )
WEXFORD COMPANY, )
and JOHN BALDWIN, )
)
            Defendants. )

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

    Plaintiff, an inmate of the Illinois Department of Corrections currently incarcerated at Vandalia Correctional Center ("Vandalia"), has brought this *pro se* action claiming that Dr. Overall, the prison dentist, mishandled the extraction of his tooth. As a result, Plaintiff is experiencing constant pain. Surgery to correct the problem is being delayed. While Plaintiff did not label his Complaint as a civil rights action under 42 U.S.C. § 1983, his factual allegations support a liberal construction of his pleading to include a claim under § 1983. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

    Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

### **The Complaint**

Plaintiff labels this action as a claim for medical malpractice. (Doc. 1, p. 1). On April 7, 2017, he went to the prison dentist to have several teeth extracted. Dr. Overall told him six teeth needed to be pulled. (Doc. 1, p. 5). Plaintiff asked her to pull three that day and the remaining

2

three later, but she said she could not do that because it was "against policy." *Id.* Overall had difficulty with the final tooth and had to give Plaintiff extra Novocain. Plaintiff claims that she mishandled the last tooth extraction because she was tired.

On April 12, 2017, Plaintiff returned for a follow-up visit because he was still having pain in his mouth. Overall examined him and immediately said that she would have to cut into his gums to remove a broken bone from the sixth tooth that had been extracted.

Plaintiff is having great difficulty eating and talking due to the constant pain from the broken bone, which is resting on a nerve.

Overall put Plaintiff back on the list to have surgery. (Doc. 1, p. 6). Plaintiff states there is "no telling" how long he must wait for the surgery, but then notes that "I have to be in pain . . . all the way two [sic] 6-7-17." *Id.* Overall gave Plaintiff ibuprofen for the pain, but his supply ran out and in order to get more pain medication, he must go to the health care unit and pay $5.00 each time.

He claims that if Overall had not been constrained by the policy that required her to pull all his teeth at once, she would not have botched the final extraction, and he would not have suffered the problems he is now having. He accuses the Department of Corrections of taking short cuts in providing dental care because of lack of money. (Doc. 1, pp. 6, 8).

As relief, Plaintiff seeks an order requiring Defendants to provide him with "immediate surgery." (Doc. 1, p. 7). He also requests punitive damages. (Doc. 1, p. 8).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Dental malpractice/negligence claim against Overall under Illinois state law for mishandling the extraction of Plaintiff's tooth, leaving a broken bone that will require surgery;
>
> **Count 2:** Eighth Amendment claim for deliberate indifference to serious dental needs, against Overall, Wexford, and Baldwin, for subjecting Plaintiff to significant pain due to the delay in scheduling his surgery.

As explained below, Count 1 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted, because Plaintiff has not complied with the affidavit/certificate of merit requirements imposed by Illinois statute. The claim in Count 1 may be revived, however, if Plaintiff complies with those requirements. The constitutional claim in Count 2 shall proceed for further consideration in this action. Plaintiff's request for "immediate surgery" shall be construed as a motion for preliminary injunctive relief under Federal Rule of Civil Procedure 65(a), and will be referred to the United States Magistrate Judge for further consideration. Plaintiff is free to file his own motion for a preliminary and/or permanent injunction in this case.

## Dismissal of Count 1 – State Law Claim for Dental Malpractice

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

While this Court has supplemental jurisdiction over the state-law malpractice claim pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In this case, Plaintiff has failed to file the necessary affidavits or reports. Therefore, the claim in **Count 1** shall be dismissed. The dismissal shall be without prejudice at this time, however, and Plaintiff shall be allowed 35 days to file the required affidavits/certificates of merit, if he desires to seek reinstatement of this claim. Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of **Count 1** may become a dismissal **with prejudice.** *See* FED. R. CIV. P. 41(b).

### Count 2 – Deliberate Indifference to a Serious Medical Need

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). *See also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (inmate stated viable deliberate indifference claim against prison dental director who allegedly caused serious delay in providing follow-up treatment for complications from tooth extraction).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff's description of his severe and persistent pain following the tooth extraction satisfies the objective component of an Eighth Amendment claim. The remaining question is whether any of the Defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

Dr. Overall's extraction of Plaintiff's teeth, which led to the complication with the broken bone, does not appear to have amounted to unconstitutional deliberate indifference. Plaintiff had a medical need for removal of some problem teeth, and Overall took action to address that condition. The manner in which she performed the extraction may or may not have constituted malpractice or negligence – but even if it did, malpractice and negligence do not violate the Constitution. Once Overall became aware of Plaintiff's severe pain and the need for a follow-up surgical procedure, however, her failure to schedule him for prompt surgery, and apparent failure

to provide sufficient pain relief medication, could be found to constitute deliberate indifference. For this reason, **Count 2** shall proceed for further review against Overall.

Although Plaintiff's allegations are somewhat sketchy, he blames the Illinois Department of Corrections for taking "short cuts" in providing dental and health care to inmates because of lack of money. (Doc. 1, p. 6). He also references "policy" reasons for the limited dental care that he has received, which may include the lengthy delay in obtaining surgery to relieve his painful condition. *Id.* At this early stage, construing the Complaint liberally, Plaintiff's allegations are sufficient for the deliberate indifference claim in **Count 2** to proceed against Director Baldwin, in his official capacity only. The inclusion of Baldwin in the action shall also serve to facilitate the implementation of any injunctive relief to which Plaintiff may be entitled. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

The Wexford Company, however, shall be dismissed from the action at this time without prejudice. Wexford is a corporation that employs prison medical/dental professionals such as Overall, and it has a contract to provide medical care at the prison. But it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

Here, Plaintiff has not mentioned Wexford at all in the body of his Complaint, and he has not alleged that his constitutional rights were violated as a result of a policy espoused by Wexford. Plaintiffs are required to associate specific defendants with specific claims, so that

defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Wexford will be dismissed from this action without prejudice.

**Count 2** shall proceed at this time only against Overall and Baldwin (in his official capacity).

### Pending Motions

The motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) shall be addressed in a separate order.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Donald G. Wilkerson for further consideration.

The Clerk shall be directed to docket a motion for preliminary injunctive relief, based on Plaintiff's request for "immediate surgery" contained in the Complaint, and this motion shall also be referred to Magistrate Judge Wilkerson.

### Disposition

**COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **WEXFORD COMPANY** is **DISMISSED** from this action without prejudice. All claims against **JOHN BALDWIN** in his individual capacity are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the

dental malpractice claim in **COUNT 1** against Defendant **OVERALL**, Plaintiff shall file the required affidavits pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order (on or before **June 12, 2017**). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 1** may become a dismissal **with prejudice**.

To facilitate the disposition of Plaintiff's request for injunctive relief, the Clerk is **DIRECTED** to add a docket entry reflecting that Plaintiff's Complaint contains a motion for preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65(a). This motion shall be referred to United States Magistrate Judge **Donald G. Wilkerson**, who shall resolve the request for preliminary injunction as soon as practicable. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the Complaint are also hereby **REFERRED** to the Magistrate Judge Wilkerson.

The Clerk of Court shall prepare for **OVERALL** and **BALDWIN (in his official capacity as Director of the Illinois Department of Corrections)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 8, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**