IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH JOHNSON, )
)
    Plaintiff, )
)
v. )     Case No. 3:17-cv-460-NJR-DGW
)
LILLIAN OVERALL and JOHN BALDWIN, )
)
    Defendants. )

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Plaintiff's request for injunctive relief (Doc. 6).

Plaintiff, Kenneth Johnson, an inmate currently incarcerated at the Vandalia Correctional Center, filed a 42 U.S.C. § 1983 complaint alleging that his constitutional rights were violated during a botched tooth extraction that now requires a surgical repair. He is proceeding on one count of deliberate indifference against the dentist, Dr. Lillian Overall, and the Director of the Illinois Department of Corrections, John Baldwin (in his official capacity). In addition to permitting Plaintiff to proceed on his claim, the District Court noted that he also sought preliminary injunctive relief in his filings and referred the matter to the undersigned (Docs. 5, 6).

On May 17, 2017, prior to Defendants' appearance, a hearing was held on Plaintiff's motion for injunctive relief. Plaintiff testified that while he had seen the dentist on April 17, 2017, he was still experiencing pain and that he still had not been scheduled for surgery. He was currently taking 400 mg of Ibuprofen twice a day which soothed the pain – however, he was still experiencing significant pain. When asked whether he sought additional dental care since April 17, Plaintiff testified that he did not and that he no longer was comfortable being under Dr. Overall's care. Plaintiff filed a grievance regarding his pain but did not seek additional dental

care.

In addition to the dental surgery issue, Plaintiff also was in the process of acquiring partial dentures. He was scheduled for an appointment on June 7, 2017 for those dentures. He has difficulty eating because of the lack of upper teeth.

After the hearing, and after Defendant Baldwin appeared in this action, Defendants were directed to file a response to Plaintiff's request for injunctive relief (Doc. 18). In his brief in response, Director Baldwin argues that he is entitled to sovereign immunity and that there is no on-going constitutional violation that would warrant preliminary injunctive relief. In addition to making argument, Defendant attaches Plaintiff's dental records through July 18, 2017. Defendant Baldwin's arguments are not particularly helpful in determining whether Plaintiff is entitled to injunctive relief which, as *Director* of the Illinois Department of Corrections, Baldwin is in a position to provide. And, attaching medical records, some of which are difficult to read, does not inform the Court whether Plaintiff has a condition that warrants additional attention prior to resolution of this lawsuit.

In order to better evaluate Plaintiff's request for injunctive relief, Defendant Overall is (again) **ORDERED** to file a response to Plaintiff's request for injunctive relief. In particular, the Court seeks an affidavit from a competent medical professional that would set forth all the relevant dental care Plaintiff has received and that he may receive in the near future. Defendant shall file her response by **January 5, 2018**. Thereafter, an additional hearing on this matter may be set.

**DATED: December 11, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**